**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RANDALL J. STANTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CARNEY J. EASTER, CHARLES A. PAYNE, TIM HALL, OFFICER MICHELLE, and JOHN DOE OFFICER ZEIGLER POLICE DEPARTMENT,**<br><br>**Defendants.** | **Case No. 26-cv-62-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Randall J. Stanton, who at the time he filed his original Complaint was a pretrial detainee at the Franklin County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is currently before the Court on Stanton's emergency motion to lift the *Younger* abstention stay and for temporary restraining order (Doc. 37). Stanton subsequently filed a notice of additional conduct (Doc. 39). Defendants Carney J. Easter and Charles A. Payne filed a response (Doc. 40) in opposition to Stanton's motion.

## BACKGROUND

Stanton's Second Amended Complaint alleged a campaign of harassment from various officers of a drug task force in Franklin County, Illinois (Doc. 24, pp. 2-6). After

review of his pleading pursuant to 28 U.S.C. § 1915A, Stanton was allowed to proceed on the following counts:

Count 1: Fourth Amendment unreasonable search and seizure claim against Easter and Payne for initiating a pretextual traffic stop, conducting an illegal search of Stanton's vehicle, seizing his personal items, and searching Stanton's home on a defective warrant.

Count 2: First Amendment retaliation claim against Easter for conducting and directing a multi-year campaign of harassment, searches, and arrests in retaliation for Stanton obtaining an attorney in 2023.

Count 5: Conspiracy claim against Easter, Hall, Payne, Officer Michelle, and John Doe Officer Zeigler Police Department for fabricating criminal charges against Stanton, destroying evidence, making pretextual traffic stops, and falsifying evidence.

(Doc. 24, pp. 7-13).

Stanton originally filed a motion for temporary restraining order and preliminary injunction with his First Amended Complaint seeking the Court's intervention in his two pending criminal cases in Franklin County, Illinois (Doc. 15). The Court denied the request, finding that abstention was appropriate pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) (Doc. 19). The Court indicated that it could not interfere with Stanton's pending criminal cases, including proceedings to revoke Stanton's bond (*Id*. at pp. 8-9).

With his Second Amended Complaint, Stanton renewed his request for injunctive relief, asking the Court to prohibit the Franklin County State's Attorney's Office from filing a motion to revoke his bond (Doc. 24, p. 18). Again, the Court found that abstention under *Younger* was warranted (*Id*. at pp. 18-19). Although Stanton argued that federal

intervention was warranted because the criminal proceedings were designed to harass him and based on fraud, the Court found no evidence to support Stanton's claim. While the presiding state court judge dismissed some of the claims against Stanton, there was no indication that the judge found them to be fraudulent. Nor did the State's decision to proceed with the remaining claims evidence bad faith. The Court therefore denied Stanton's motion for temporary restraining order (*Id*. at p. 20). The Court noted that the case would be stayed pending resolution of Stanton's criminal cases (*Id*. at p. 21).

This is Stanton's third motion to issue a temporary restraining order (Doc. 37). Stanton asserts that he now has acquired evidence that he believes demonstrates that he is being subjected to harassment and a bad faith prosecution. Stanton argues that he has both audio and video recordings of the defendants conspiring to violate his rights (*Id*. at p. 2). Specifically, Stanton claims he has a recording of Defendant Easter and another officer, Officer Antheas, in a garage owned by Stanton's uncle, where Easter and the other officer conversed about how to violate Stanton's rights and revoke his pretrial release (*Id*.). Stanton indicates that he was present at the time of the encounter. He was not operating any vehicle at the time, although a 4-wheeler was in the garage and disassembled. Despite the 4-wheeler being inoperable, Stanton alleges that Easter arrested him for driving on a revoked license (*Id*. at pp. 3-4). Stanton maintains that even though the arrest was fabricated and the charges were baseless, Easter placed a phone call to the State's Attorney and discussed the plan to arrest Stanton (*Id*. at p. 4).

Since filing his lawsuit, Stanton claims, the State's Attorney has sought to revoke his pretrial release on three separate occasions (Doc. 37, p. 4). Stanton asserts that each

petition to revoke his release was filed within hours of him filing something in his pending lawsuit.

Stanton once again argues that the bad faith and harassment exception to the *Younger* abstention rule apply to his case (Doc. 37, p. 4). He argues that he is being retaliated against for filing his lawsuit and that the State's Attorney and Defendant Easter are improperly fabricating arrests and seeking to revoke his bond (*Id*. at pp. 4-5). He seeks an order prohibiting Defendant Easter, Officer Antheas, and the Franklin County State's Attorney from arresting Stanton on fabricated charges, filing any further petition to revoke his pretrial release, and from monitoring the docket in this case (*Id*. at p. 6). To support his allegations, Stanton offers the declarations of his aunt and uncle who were present during the encounter with Officer Easter and Officer Antheas (*Id*. at pp. 7-12). Both individuals indicated that on the day of Stanton's arrest, they overheard Officer Easter on the phone talking about a "plan" to arrest Stanton (*Id*. at pp. 8, 11).

In light of Stanton's allegations, the Court directed Defendants to respond to Stanton's motion. Before Defendants had a chance to respond, Stanton filed a notice of additional retaliatory conduct (Doc. 39). Stanton claimed that after filing his motion for temporary restraining order he faced a vehicle stop (*Id*. at p. 2). On July 12, 2026, West City Police Department stopped Stanton's GMC Acadia Denali operated by Stanton's girlfriend (*Id*.). Stanton maintains his vehicle is well known to law enforcement. The officers failed to provide a reason for the stop and issued no tickets, citations, or warnings (*Id*.). Stanton argues that the stop was harassment.

The following day, July 13, 2026, a vehicle in which Stanton was a passenger was stopped by an unknown Illinois State Trooper. The trooper asked for Stanton's identification as well as the identification of the driver and another passenger (*Id.*). During the stop, other officers and a K-9 unit arrived on the scene. Stanton alleges that Officer Easter also arrived at the scene but remained in his vehicle directing the other officers through their earpieces (*Id.*). The officers ultimately walked the K-9 around the vehicle and conducted a search of the vehicle despite the K-9 failing to alert on the vehicle (*Id.* at p. 4). Stanton alleges his girlfriend was subjected to an invasive search of her person, requiring her to lift her shirt and shake her breasts in front of the camera (*Id.*). The officers allegedly asked pointed questions about his youngest daughter, a tactic Stanton claims was designed to intimidate him (*Id.*). Nothing was found during the search and no tickets were issued, although Stanton acknowledges that the driver received a warning for a loud exhaust (*Id.* at p. 5). Stanton argues that this was just one incident of continued harassment by police officers from five different agencies. He and his girlfriend have been stopped on seven occasions since June 3, 2026 (*Id.* at p. 5).

Defendants Easter and Charles A. Payne filed a response, arguing that a temporary restraining order is not warranted in this case (Doc. 40). Defendants argue that Stanton has failed to demonstrate an exception to the *Younger* abstention doctrine requiring federal intervention in this case. Although Stanton argues that the state proceedings are motivated by harassment and made in bad faith, Defendants argue that there is no evidence that the underlying state criminal proceedings were brought in bad faith. They also point out the presiding judge found probable cause to proceed with the prosecution.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (2d ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

## DISCUSSION

The Court previously stayed this case pending resolution of Stanton's criminal proceedings. "[F]ederal courts are required by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018). Stanton's motion presents a classic *Younger* abstention scenario. He asks the Court to interfere with a pending state court criminal case and interfere with pretrial release decisions.

There are, however, three exceptions to the *Younger* abstention that can require federal intervention: where "1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of

express constitutional prohibitions." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007) (quoting *Jacobson v. Village of Northbrook Mun. Corp.* 824 F.2d 567, 569–70 (7th Cir.1987)). The exceptions are meant to be narrow. *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 818 (7th Cir. 2014).

This is Stanton's third attempt to seek the Court's interference in his pending state criminal proceedings. He argues that he has been subjected to harassing vehicle stops and attempts to revoke his pretrial release since the filing of his lawsuit.

The Court first notes that Stanton seeks a Court Order prohibiting Officer Antheas and the Franklin County State's Attorney from arresting him and filing any further petitions to revoke his pretrial release. But these individuals are not parties to the lawsuit. *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x. 669, 672 (7th Cir. 2013) (an injunction may only be issued against a litigant in the case) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)).

Further, the Court previously addressed Stanton's concern regarding the attempts to revoke his bond. In denying his motion for injunctive relief, the Court noted that Stanton had received GPS monitoring and home confinement on a recent petition to revoke his bond. Stanton notes in this motion that there have been additional attempts to revoke his bond, but he presumably has received favorable rulings from the state court in those attempts as well. As the Court previously noted, Stanton's favorable rulings in state court suggests that his criminal cases are not proceeding in bad faith (Doc. 24, p. 20). He may continue to address issues with his bond or his issues with the State's Attorney's alleged misrepresentations with the state court in his criminal proceedings. As previously

stated, this Court will not interfere with the state court actions or mandate whether additional charges or motions can be filed in those cases. *See Harris v. Ruthenberg*, 62 F. Supp.3d 793, 800 (N.D. Ill. 2014) ("The mere continuation of the case … does not constitute harassment, let alone harassment for *Younger* purposes. If it did, the federal court would have to intervene in every ongoing criminal prosecution.").

## CONCLUSION

For the reasons stated above, Stanton's motion for a temporary restraining order (Doc. 37) is **DENIED**. As the defendants have now been served in this case, the Court officially **STAYS** the case until the resolution of Stanton's criminal proceedings in state court. Stanton is **DIRECTED** to file a notice with the Court within thirty days of the resolution of his two criminal cases.

**IT IS SO ORDERED.**

**DATED: September 3, 2026**

Nancy J. Rosenstengel

**NANCY J. ROSENSTENGEL**
**United States District Judge**